Jerry **JACOBS** and Ronald Sabel, Plaintiffs,

v.

**HOME DEPOT U.S.A., INC.,** Defendant.

No. 01–944–CIV.

United States District Court, S.D. Florida.

July 16, 2003.

---

Mary Margaret Schneider, Tod N. Aronovitz, Barbara Perez, Matthew Phillip Slingbaum, Aronovitz Trial Lawyers, Miami, FL, Jerry Schumm, Buckland & Schumm, Bellingham, WA, David McCrea, McCrea & McCrea, Bloomington, IN, Gary S. Graifman, Gary S. Graifman, Kantrowitz Goldhamer & Graifman, Chestnut Ridge, NY, Charles A. Schneider, Gary E. Mason, The Mason Law Firm, Washington, DC, for Plaintiffs.

Stanley Howard Wakshlag, David Eugene Lancz, Akerman Senterfitt & Eidson, Miami, FL, David A. Kanter, Robert L. Shuftan, Wildman Harrold Allen & Dixon, Chicago, IL, Edward A. Moss, Eileen Louise Tilghman, Shook Hardy & Bacon, Miami, FL, Lawrence Hugh Kunin, Robert Phillip Alpert, John P. MacNaughton, Seslee S. Smith, Morris Manning & Martin, Atlanta, GA, Garry James Rhoden, Daniel P. Mitchell, Keith M. Carter, William A. Gillen, Gray Harris Robinson, Tampa, FL, Raymond A. Haas, Andrew James Lewis, David W. Longley, Haas Lewis & Longley, Tampa, FL, William Francis Hamilton, George Calvin Hayes, Holland & Knight, Tampa, FL, Raymond L. Brown, Jr., Charles S. Weems, III, Lottie L. Bash, Gold Weems Bruser Sues & Rundell, Alexandria, LA, Robert Byron Gough, III., Dennis Parker Waggoner, Hill Ward & Henderson, Tampa, FL, Patrick J. Perrone, Whitney A. Klein, McCarter & English, Newark, NJ, Stephen W. Beik, Maitland, FL, Clinton Sawyer Payne, Clarke Silverglate Williams & Montgomery, James L. Warren, Carroll Warren & Parker, Jackson, MS, Steven Michael Brady, Swartz Campbell & Detweiler, Fort Myers, FL, for Defendant.

## ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

MIDDLEBROOKS, District Judge.

THIS CAUSE comes before the Court upon Plaintiffs Jerry Jacobs and Ronald Sabel's Motion for Leave to File Second Amended Complaint (DE # 363), filed June 10, 2003. The Motion has been fully briefed and is ripe for resolution.

The Federal Rules of Civil Procedure state that leave to amend "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). The grounds for denying such a motion include undue delay, undue prejudice to defendants, and futility of the amendment. *See Abramson v. Gonzalez*, 949 F.2d 1567, 1581 (11th Cir.1992) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).

Plaintiffs seek to amend their Complaint a second time, bringing claims for express warranty (now brought for the first time), implied warranty, and violations of the Magnuson–Moss Act and the Florida Deceptive and Unfair Trade Practices Act. Four of the claims from the prior complaint (strict liability, negligence, public and private nuisance, and civil conspiracy) have been dropped.

The proposed class now consists of owners of property in Florida who have wood decks or playground equipment that was purchased "either directly or indirectly" from Home Depot. Defendant presents two objections to the amendment of Plaintiffs' Complaint: first, that Plaintiffs' Motion is untimely as per the scheduling order in this case, and second, that amendment of the Complaint would be futile.

■ The Court finds no timeliness issue in this matter; the July, 1, 2002 deadline for joinder of additional parties and amended pleadings was not intended to trump the Federal Rules of Civil Procedure. Rule 15(a)'s liberal standard plainly allows amendment of the Complaint, even at this late stage of the litigation. Accordingly, Defendant's request is without merit.

■ However, the Court finds the amending the Complaint to allow the matter to proceed as a class action (albeit a simpler one than that previously brought) would be futile. As the parties are well aware, on February 25, 2003—after extensive briefing and oral argument—the Court entered a fairly lengthy Order denying class certification in this matter (DE # 319). The Court's primary reasons for the denial were that Plaintiffs were unable to satisfy the tests of typicality under Rule 23(a)(3) and predominance and manageability under Rule 23(b)(3). Even though the Second Amended Complaint is brought only against Home Depot, and now seeks product replacement instead of soil removal, the same result would befall Plaintiffs' Second Amended Complaint. Individual issues will still predominate and would doom any attempt at managing the case on a classwide basis. All of the consid-erations that made certification problematic when the Court denied class certification will be present in this case, namely the great number of factors that can contribute to leaching from treated wood, the difficulty in determining whether leaching has caused property damage at all, the need for site-specific inquiries, the diversity of soil background levels of arsenic even within Florida alone, the level of individual knowledge about the safety of treated wood products, the involvement of intervening parties and intervening acts of negligence, the relative immaturity of the tort, and perhaps most importantly, potential difficulties in product identification. In sum, the fundamental nature of the claims here would require individualized inquiries for virtually every potential plaintiff and putative class member. As a result, the Court hereby allows Plaintiffs' Amendment, but strikes the Class Action Allegations from the Second Amended Complaint.

Accordingly, it is

ORDERED AND ADJUDGED that Plaintiffs' Motion for Leave to file a Second Amended Complaint (DE # 363) is hereby GRANTED IN PART. Plaintiffs' Second Amended Complaint is deemed filed as of the entry of this Order. However, all Class Action Allegations are hereby STRICKEN from Plaintiffs' Second Amended Complaint.